## RUSSODANIA CO. v. UNITED TRANSP. CO.

(District Court, D. Delaware. May 20, 1922.)

**Sales ⬅415—In action for breach, plaintiff must prove readiness and ability to perform on his part; "immediately;" "reasonable time."**

Where a contract required plaintiff to open a confirmed bank credit in favor of defendant "immediately" on receipt of notice from its agent confirming sale, in an action for breach plaintiff has the burden of alleging and proving, either that it opened such credit with as much promptness and dispatch as the circumstances permitted, or, if prevented, that it was ready and able to do so; "immediately" meaning, not instantly, but within a reasonable time, and a "reasonable time" meaning without delay and with as much celerity, promptitude, and dispatch as the circumstances of the case permit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immediately; Reasonable Time.]

At Law. Action by the Russodania Company against the United Transportation Company. On motion by defendant for new trial. Granted.

Ward, Gray & Neary, of Wilmington, Del., and Russell Robbins, of New York City, for plaintiff.

Charles F. Curley, of Wilmington, Del., and Herbert Barry and Dallas S. Townsend, both of New York City, for defendant.

MORRIS, District Judge. I have given careful consideration to the briefs and record upon the motion for a new trial. The contract dated August 4, 1920, provided in part:

"Confirmed credit in one New York bank, if possible the Mechanics & Metals National Bank, to be opened in our name immediately upon your Stockholm office receipt of your urgent cable confirming sale."

In order to enable plaintiff to recover, it is necessary for it to allege and prove either that it performed its part of the contract by opening the credit, or, if actual performance was made impossible or unnecessary by the defendant, that it was ready, able, and willing to perform the contract within the time specified, time being of the essence of the contract. "Immediately," the time specified in the contract, does not mean instantly, but means within a reasonable time. Reasonable time, however, means without undue delay, and with as much celerity, promptitude, and dispatch as the circumstances of the case permit. I find no evidence that the defendant actually opened a credit in a New York bank, nor do I find any evidence showing or tending to show that the plaintiff was ready and able to open such credit before the sixteenth day of August, 1920, nor any evidence from which the jury could find

that a readiness to perform on that date was within the time specified by the contract. The testimony was that the ordinary and usual time required to establish at that time in New York a credit from Stockholm or Copenhagen was anywhere from five to eight days and that testimony was produced by the plaintiff. Plaintiff did not establish its credit within the maximum time so testified to, and there is no explanation for the delay. No evidence was offered by the plaintiff to show when the cablegram sent by plaintiff's agent, Lund, was actually received at its Stockholm office. No testimony whatever was produced to show when the first or subsequent steps looking to the establishment of the required credit in New York were taken in Stockholm or Copenhagen by the plaintiff, or what those steps were.

There is, therefore, no evidence to show that the plaintiff established the credit, or stood ready to establish it without undue delay, and with as much celerity, promptitude, and dispatch as was permitted under the circumstances. Consequently I am constrained, though with reluctance, to set aside the verdict and award a new trial.